# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

IN RE:

    Raquel Deveese Conaway          Case No. 3:15-bk-00663
                                                                Chapter 13

                **Debtor.**                                      **Judge Mashburn**

## ORDER TO MODIFY THE PLAN

Upon consideration of Debtors' Motion to Modify the Plan filed on August 10, 2017, it appears to the Court that notice of said motion pursuant to LBR 9013 has been given. It further appears to the Court objections, responses or otherwise filed within the twenty-one (21) day response period have been resolved.

It is therefore ORDERED as follows:

1. The Debtor shall be permitted to modify her Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. § 1322(b)(5).

2. The amount to be financed through Inland Bank/InSolve Auto Funding shall be $11,160.00 at a rate of 22%, to be paid by the Chapter 13 Trustee with an ongoing payment of $308.56, beginning July 28, 2017.

3. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

4. The Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

5. The Debtor shall waive discharge of this post-petition debt to Inland Bank/InSolve Auto Funding. The monthly payments to Inland Bank/InSolve Auto Funding shall be disbursed with all other Class 3 claims.

6. Inland Bank/InSolve Auto Funding's claim for post-petition financing shall be a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge.

7. This claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

8. The Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank/InSolve Auto Funding.

9. Should the Debtor default on the plan payments or insurance, Inland Bank/InSolve Auto Funding shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank/InSolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

10. The Debtor's plan payment shall increase to $281.00 bi-weekly

11. The dividend to general unsecured creditors shall remain at 20%.

12. The new base shall be $26,850.00.

13. No other terms of the confirmation order shall be affected by this modification.

IT IS SO ORDERED.

*This order was electronically signed and entered as indicated at the top of the first page.*

Approved For Entry By:

*/s/Jon D. Long*
Jon D. Long (TN BPR #031211)
Long, Burnett & Johnson, PLLC
302 42nd Avenue North
Nashville, TN 37209
T: 615-386-0075
F: 615-864-8419
ecfmail@tennessee-bankruptcy.com

*Attorney for Debtor*